**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**MARGARET A. GAGNER, et al.,**

       **Plaintiffs,**

-vs-                                                    **Case No. 3-:05-CV-222**

**METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY, et al.,**

                                                                          **Judge Thomas M. Rose**

       **Defendants.**

_____

**ENTRY AND ORDER OVERRULING METROPOLITAN'S MOTION TO
BIFURCATE AND STAY PLAINTIFFS' BAD FAITH CLAIM (Doc. #10)**
_____

       This matter arises from an accident involving an automobile driven by Plaintiff Margaret A. Gagner ("Gagner") and an automobile driven by Ronald J. Whaley ("Whaley"). The accident occurred on April 9, 2002.

       At the time of the accident, Gagner was allegedly insured under an automobile insurance policy (the "Auto Policy") issued by Defendant Metropolitan Group Property and Casualty Insurance Company ("Metropolitan Group"). Also at the time of the accident, Gagner was allegedly insured under a personal excess liability policy (the "Excess Policy") written by Defendant Metropolitan Property and Casualty Insurance Company ("Metropolitan Property").

       Plaintiffs' original Complaint was filed in the Court of Common Pleas, Montgomery County, Ohio on March 8, 2005, and was against only Metropolitan Property. Plaintiffs then sought and received leave of Court to file an amended complaint. The Amended Complaint, filed

on June 8, 2005, added Metropolitan Group as a Defendant.[1] Both Metropolitan Property and Metropolitan Group (referred to herein collectively as "Metropolitan") were served with the Amended Complaint on June 11, 2005. Metropolitan Group then removed the Amended Complaint to this Court on June 20, 2005, on the basis of diversity jurisdiction.

Plaintiffs' Amended Complaint is comprised of four claims. Plaintiffs' First Claim is a negligence claim brought against Whaley. The Second Claim is against Metropolitan Group and Metropolitan Property for underinsured motorist insurance coverage. Plaintiffs' Third Claim is brought by Plaintiff David T. Gagner for loss of consortium. Finally, the Fourth Claim is against both Metropolitan Group and Metropolitan Property for bad faith and/or breach of contract.

Now before the Court is Metropolitan's Motion To Bifurcate and Stay Plaintiffs' Bad Faith Claim. (Doc. #10.) This Motion was brought pursuant to Fed.R.Civ.P. 42(b). It is now fully briefed and ripe for decision. The standard of review will first be set forth followed by an analysis of the Motion.

## STANDARD OF REVIEW

Plaintiffs' Complaint was originally brought in an Ohio court so, presumably, the claims are brought pursuant to Ohio law. Plaintiffs' Complaint was then removed to this Court based upon diversity jurisdiction.

As a federal court located in Ohio exercising diversity jurisdiction, this Court must apply Ohio substantive law unless the law of another state is specifically implicated. *Hisrich v. Volvo Cars of N. America, Inc.*, 226 F.3d 445, 449 (6th Cir. 2000). Specifically, this Court must apply the substantive law of Ohio "'in accordance with the then-controlling decision of the highest

---

[1] Plaintiffs incorrectly identified Metropolitan Property as Plaintiffs' auto insurance carrier in the original Complaint when, in fact, Plaintiffs' auto insurance carrier was Metropolitan Group.

court of the state.'" *Imperial Hotels Corp. v. Dore*, 257 F.3d 615, 620 (6th Cir. 2001) (quoting *Pedigo. M.D. v. UNUM Life Ins. Co.*, 145 F.3d 804, 808 (6th Cir. 1998)). Also, to the extent that the highest court in Ohio has not addressed the issue presented, this Court must anticipate how Ohio's highest court would rule. *Id.* (quoting *Bailey Farms. Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188, 191 (6th Cir. 1994)).

While Ohio law is applied for substantive issues, it is not controlling for procedural matters in a Federal court, particularly with regard to Fed.R.Civ.P. 42(b). *Moss v. Associated Transport, Inc.*, 344 F.2d 23, 26-27 (6th Cir. 1965). Federal law is controlling for procedural issues. *Id.* Further, Rule 42(b) regarding separation of trials has a relation to the discovery rules and the court may limit discovery to the first issue to be tried until after its resolution. 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* Civil *2d* § 2387 (2d ed. 1995).

> Rule 42(b) of the Federal Rules of Civil Procedure provides as follows:
>
> (b) Separate Trials. The court, after a hearing, in furtherance of convenience or to avoid prejudice, or when separate trials would be conducive to expedition and economy, may order a separate trial of any claims, cross-claim, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, or third-party claims, or issues, always preserving inviolate the right to trial by jury as declared by the Seventh Amendment to the Constitution of the United States.

The decision whether to permit separate trials and discovery is within the "sound discretion" of the trial court. *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D.Ohio 1995). While there are no precise guidelines, the court is to consider the factors identified in Rule 42(b) on a case-by-case basis when making this decision. *Id.* When considering these factors, "the major consideration is directed toward the choice most likely to

result in a just final disposition of the litigation." *Id.* (citing *In re Bendectin Litigation*, 857 F.2d 290, 307-08 (6th Cir. 1988), *cert. denied*, 488 U.S. 1006 (1989)).

## ANALYSIS

Metropolitan seeks bifurcation and stay of Plaintiffs' bad faith claim based upon the argument that they will be prejudiced as to the underlying claims by being required to provide discovery and try the bad faith claim. The Plaintiffs respond that Metropolitan is not entitled to bifurcation under Rule 42(b). Each of the factors identified in Rule 42(b) will be considered in turn.

### Furtherance of Convenience

The Plaintiffs indicate that bifurcation will result in considerable inconvenience to them and Metropolitan does not address this factor. The Plaintiffs' inconvenience, including additional expense, is the result of having to pursue discovery on the underlying matters during the first trial and then having to conduct substantially similar discovery in support of the bad faith claim.

As is often the case, what is a convenience for one party is an inconvenience for the other. Without some consensus between the Plaintiffs and Metropolitan, the interests of convenience are not met and Metropolitan's Motion is not well taken on this ground. *See, e.g. Nylok Fastener Corp. v. Industrial Nut Corp.*, 122 F.R.D. 512 (N.D.Ohio 1988).

### Avoidance of Prejudice

The moving party has the burden of showing prejudice. *Trauth*, 163 F.R.D. at 504. In this case, Metropolitan argues that it would be prejudiced by having to disclose attorney-client communications and work-product materials that would otherwise not be discoverable regarding

the underlying claims.[2] Specifically, Metropolitan argues that its ability to defend the underlying claims would be undermined if it was required to provide documents in discovery related to their thought process, strategy and evaluation of the underlying claims.

The Plaintiffs respond that, without analyzing the specific documents which are relevant to the defense of both the underlying claims and the bad faith claim, the Court is unable to determine if prejudice would result and Metropolitan, therefore, has not met its burden of showing why the claims should be bifurcated. The Plaintiffs also respond that they will be prejudiced by being forced to participate in two separate trials and conducting duplicative discovery. Also, bifurcation "may deprive [P]laintiffs of their legitimate right to place before the jury the circumstances and atmosphere of the entire cause of action they have brought into the court…" *Nylok*, 122 F.R.D. at 513.

Rather than offering documents or providing specific reasoning, Metropolitan relies upon the Ohio Supreme Court's decision regarding how to proceed when certain documents protected by the attorney-client privilege and the work-product doctrine are requested in connection with a bad faith claim. In *Boone v. Vanliner Insurance Company*, the Ohio Supreme Court stated that, "if the trial court finds that the release of this information will inhibit the insurer's ability to defend on the underlying claim, it may issue a stay of the bad faith claim and related production of discovery pending the outcome of the underlying claim." 744 N.E.2d 154, 158 (Ohio 2001), *cert. denied*, 534 U.S. 1014 (2001). An Ohio Appeals Court later used this statement to bifurcate a bad faith claim from the underlying claims. *Garg*, 800 N.E.2d at 764.

---

[2]Ohio law requires the disclosure of attorney-client communications and work-product materials for bad-faith claims but not for the underlying claims. *See, e.g. Garg v. State Automobile Mutual Insurance Co.*, 800 N.E.2d 757, 761 (Ohio Ct. App. 2003), *appeal not allowed*, 805 N.E.2d 540.

There are two problems with Metropolitan's reliance on this Ohio law. First, Federal, not Ohio law, applies to procedural matters such as this. Second, the *Garg* court actually examined the relevant documents before determining that they were subject to either the attorney-client privilege or the work-product doctrine. Without this determination, prejudice cannot be determined. Without a determination of prejudice, the trial and associated discovery cannot be bifurcated.

Metropolitan has not met its burden of showing that it would be prejudiced by adjudicating the bad faith claim and the underlying claims together. Therefore, Metropolitan's Motion is not well taken on this ground.

Conducive To Expedition and Economy

Metropolitan argues that bifurcation with be conducive to expedition and economy since the bad faith claim may ultimately be moot depending upon resolution of the underlying claims. Presumably time-consuming discovery and retention of experts with regard to the bad faith claim may not be needed.

The Plaintiffs respond by pointing out that separate trials would lead to duplicative efforts by the Court and the parties. If the bad faith claim is bifurcated, the Plaintiffs argue that they will be addressing many of the same documents and interviewing the same witnesses for both the underlying claims and the bad faith claim.

Granting Metropolitan's Motion would not be conducive to judicial economy. In fact, separate discovery and trials will result in several duplicative efforts by the Court and the Parties.

Bifurcation may be conducive to expedition and economy in Metropolitan's view but not so for Plaintiffs and the Court. Therefore, Metropolitan's Motion is not well taken on this ground.

<u>Conclusion</u>

Metropolitan's Motion To Bifurcate is not well founded. Metropolitan has not shown that any of the three factors identified by Rule 42(b) as reasons for bifurcation are well served in this case. Therefore, Metropolitan's Motion To Bifurcate and Stay Plaintiffs' Bad Faith Claim is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirteenth day of December, 2005.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record